UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TERRELL DESHON KEMP, SR., <br>                                 Plaintiff, <br> v. <br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., <br>                                 Defendants. | Case No. 2:18-cv-00169-RFB-PAL <br><br> **ORDER** <br><br> (Mot. 285 Forms – ECF No. 15; <br> Mot. Copy – ECF No. 16) |

This matter is before the court on Plaintiff Terrell Deshon Kemp, Sr.'s Motion for 285 Forms (ECF No. 15) and Motion for Copy of Screening Order (ECF No. 16). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

Mr. Kemp is a pro se prisoner recently transferred to the custody of the Nevada Department of Corrections ("NDOC") at the High Desert State Prison ("High Desert"). He has received permission to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and LSR 1-1 of the Local Rules of Practice. This case involves Kemp's allegations of civil rights violations pursuant to 42 U.S.C. § 1983. Upon review of the complaint, the court determined that it stated plausible claims for (1) excessive force in violation of 14th Amendment and battery against defendants Hardy (Count I) and Dawson (Count IV), and (2) failure to treat a serious medical need under the 14th Amendment, against Defendants Williamson, Dawson, Kendra, Ashley, Schmidt, LVMPD, and NaphCare (Count II). Screening Order (ECF No. 7).

At Mr. Kemp's request, the court extended the deadline to complete service until January 4, 2019. Order (ECF No. 12). The extension was granted to accommodate his transition to High Desert during which time he would not have access to the prison law library. The court did not impose a specific deadline for Kemp to provide the USM-285 forms to the U.S. Marshal Service

("USM"); however, he was advised that the USM must be given at least 14 working days for service. In addition, Kemp was warned that a failure to comply with the order by serving defendants on or before the January 4, 2019 deadline will result in a recommendation to the district judge that this case or unserved defendant(s) be dismissed without prejudice. All other instructions stated in the Screening Order (ECF No. 7) remain in effect.

In the current motions, Mr. Kemp asks the court to provide him with a copy of the Screening Order and eight USM-285 forms. He must complete the forms and mail them to the USM to attempt service.[1] The court entered the screening order on August 22, 2018. He was transferred from the Clark County Detention Center to High Desert on September 5, 2018, before he received the forms that were provided by the screening order. Thus, Kemp requests duplicates.

An inmate generally has no constitutional right to free photocopies or to obtain court documents without payment. *Lewis v. Casey*, 518 U.S. 343, 384–85 (1996); *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). Nothing in the federal law, the Federal Rules of Civil Procedure, the Local Rules of Practice, or Ninth Circuit case law authorizes the courts to finance or subsidize the fees and costs associated with prosecuting a civil action. *See* LSR 1-7 (IFP status does not waive the applicant's "responsibility to pay the expenses of litigation that are not covered by 28 U.S.C. § 1915," which does not provide for copies).

Pursuant to 28 U.S.C. § 1914(b) and §1930, the Judicial Conference has adopted a schedule of fees for filings and related services provided by the United States Courts. Upon the court's entry of an order, the clerk's office will mail the inmate one copy of the order at no cost. Later requests for an additional copy (or copies) are subject to copy fees. However, when an IFP plaintiff

---

[1] Mr. Kemp is advised that the mailing address to send the USM-285 forms is:

U.S. Marshal Service
333 Las Vegas Boulevard South, Suite 2058
Las Vegas, NV 89101

In addition, for the purposes of service, the Las Vegas Metropolitan Police Department's address is:

Las Vegas Metropolitan Police Department
400 S. Martin L. King Boulevard
Las Vegas, NV 89106

demonstrates a specific need for a copy of a particular document, the court may in its discretion instruct the clerk's office to mail the copy.

Here, Mr. Kemp has demonstrated a specific need for the copies and circumstances beyond his control. The court will therefore grant this request and direct the clerk to resend these forms.

In addition, the court notes that the docket indicates that summons were recently returned unexecuted because no USM-285 forms were received. *See* ECF Nos. 14, 15. This was due to an internal communication error. The USM was not informed of the Order (ECF No. 12) granting the extension for service. The error has been corrected and the USM is informed of the extension. The court will instruct the clerk to reissue summons to facilitate service.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Terrell Deshon Kemp, Sr.'s Motion for 285 Forms (ECF No. 15) and Motion for Copy of Screening Order (ECF No. 16) are **GRANTED**.
2. The Clerk of Court shall MAIL Mr. Kemp one copy of the Screening Order (ECF No. 7) and eight (8) blank USM-285 forms with instructions.
3. The Clerk of Court shall REISSUE summonses for Defendants Hardy, Williamson, Dawson, Kendra, Ashley, Schmidt, Las Vegas Metropolitan Police Department, and NaphCare, and deliver the same to the U.S. Marshal for service along with a copy of the Complaint (ECF No. 8) and this Order.
4. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the deadline to accomplish service is **January 4, 2019**.
5. All other instructions stated in the Screening Order (ECF No. 7) remain in effect.
6. Mr. Kemp must comply with the court's orders by completing service by **January 4, 2019**, and a failure to do so will result in a recommendation to the district judge that this case or unserved defendant(s) be dismissed without prejudice.

Dated this 23rd day of October, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE