TREVOR J. HATFIELD, ESQ.
Nevada Bar No. 7373
**HATFIELD & ASSOCIATES, LTD.**
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
(702) 386-9825 Fax
*thatfield@hatfieldlawassociates.com*

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TERRELL DESHON KEMP, SR., an individual, | CASE NO: 2:18-cv-00169-RFB-BNW |
| Plaintiff, | |
| vs. | **PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT PURSUANT TO FRCP 15(a) AND LR II 15-1** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT; JAIL DIRECTOR CAPTAIN SCHMIDT, in her individual and official capacities; CORRECTIONAL OFFICER HUGH HARDY, #6000; NAPHCARE, INC, a Foreign Corporation; DIRECTOR OF NURSING, ASHLEY KOMASCAR, in her individual and official capacities; LARRY WILLIAMSON M.D., in his individual and official capacities, | |
| Defendants. | |

COMES NOW, Plaintiff, TERRELL DESHON KEMP, SR. (hereinafter "Plaintiff"), by and through his counsel, Trevor J. Hatfield, Esq., of the law firm of Hatfield & Associates, Ltd., appearing *pro bono publico* who, pursuant to Fed. R. Civ. Pro. 15(a), and LR II 15-1, respectfully requests that the Court grant him leave to amend his Complaint. In support of this motion, Plaintiff relies upon the memorandum of points and authorities as set forth below.

///

///

1

# MEMORANDUM OF POINTS AND AUTHORITIES

"Public policy strongly favors determination of cases on their merits; therefore, leave to amend the pleadings is freely given unless the opposing party makes a showing of undue prejudice, bad faith, dilatory motive, or futility of amendment on the part of the moving party." *Ruiz v. All-American & Associates, Inc.* 2011 WL 1376741 (D. Nev. 2011) (*citing, Forman v. Davis,* 371 U.S. 178 (1962). Leave to amend a pleading "is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Forman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Id.*

Here, Plaintiff seeks leave to amend his Complaint to remove Defendant SGT. GREGORY DAWSON from the case and to modify Plaintiff's causes of action. Plaintiff's counsel believes that a proposed First Amended Complaint and Motion to Amend Complaint will not prejudice Defendants or prospective Defendants as no trial date has been scheduled.

///

///

///

///

///

///

///

///

///

///

///

**CONCLUSION**

Plaintiff respectfully requests that the Court permit him leave to amend his Complaint on the basis set forth above. A proposed First Amended Complaint is attached hereto.

Dated this 14th day of January, 2020.

IT IS ORDERED that ECF No. 66 is GRANTED under LCR 47-3. IT IS FURTHER ORDERED that Plaintiff shall file his amended complaint as a separate docket entry by 3/30/2020.

**IT IS SO ORDERED**

**DATED: March 23, 2020**

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

**HATFIELD & ASSOCIATES, LTD.**

*/s/ Trevor J. Hatfield*
By:_____
Trevor J. Hatfield, Esq. (SBN 7373)
Nevada Bar No. 7373
703 S. Eighth St.
Las Vegas, NV 89101
Tel.: (702) 388-4469
Email: thatfield@hatfieldlawassociates.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 14th day of January 2020, I electronically filed and served the foregoing **PLAINTIFF'S MOTION FOR LEAVE TO AMENDED COMPLAINT** with the Clerk of the Court by using the ECF system.

Dated this 14th day of January 2020.

By: */s/ Freda P. Brazier*
An employee of Hatfield & Associates, Ltd.

TREVOR J. HATFIELD, ESQ
Nevada Bar No. 7373
**HATFIELD & ASSOCIATES, LTD.**
703 S. Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
(702) 386-9825 Fax
Email: *thatfield@hatfieldlawassociates.com*
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TERRELL DESHON KEMP, SR., an individual, | CASE NO: 2:18-cv-00169-RFB-BNW |
| Plaintiff, | |
| vs. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT; JAIL DIRECTOR CAPTAIN SCHMIDT, in her individual and official capacities; CORRECTIONAL OFFICER HUGH HARDY, #6000; NAPHCARE, INC, a Foreign Corporation; DIRECTOR OF NURSING, ASHLEY KOMASCAR, in her individual and official capacities; LARRY WILLIAMSON M.D., in his individual and official capacities, | **FIRST AMENDED COMPLAINT** **(JURY TRIAL DEMANDED)** |
| Defendants. | |

COMES NOW, Plaintiff TERRELL DESHON KEMP, SR. (hereinafter "Plaintiff"), by and through his counsel of record, Trevor J. Hatfield, Esq., of the law firm of HATFIELD & ASSOCIATES, LTD., for his First Amended Complaint against Defendants LAS VEGAS METROPOLITAN POLICE DEPARTMENT; CCDC JAIL DIRECTOR, CAPTAIN NITA SCHMIDT, in her individual and official capacities; CORRECTIONAL OFFICER HUGH HARDY, #6000, in his individual and official capacities; NAPHCARE, INC., a Foreign Corporation; DIRECTOR OF NURSING, ASHLEY KOMASCAR, in her individual and official

capacities; LARRY WILLIAMSON M.D., in his individual and official capacities, (hereinafter collectively "Defendants") jointly and severally, and alleges, complains and states as follows:

## **PARTIES**

1.  At all times relevant hereto, Plaintiff TERRELL DESHON KEMP, SR. was an individual domiciled in Clark County, Nevada and currently resides at High Desert State Prison, Indian Springs, Nevada.

2.  Upon information and belief, Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT ("LVMPD") was and is an independent agency of the State of Nevada.

3.  Upon information and belief, Defendant CCDC JAIL DIRECTOR CAPTAIN NITA SCHMIDT was and is an individual domiciled in the State of Nevada.

4.  Upon information and belief, Defendant CCDC CORRECTIONAL OFFICER HUGH HARDY, #6000, was and is an individual domiciled in the State of Nevada.

5.  Defendants CCDC JAIL DIRECTOR CAPTAIN NITA SCHMIDT and CCDC CORRRECTIONAL OFFICER HUGH HARDY were duly appointed police officers employed by Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT, Detention Services Division (hereinafter "LVMPD"), an independent agency of the State of Nevada, at all times relevant to this action.

6.  Upon information and belief, and at all relevant times hereto, Defendant NAPHCARE, INC is and was licensed to conduct business in the State of Nevada.

7.  Upon information and belief, and at all times relevant hereto, Defendant NAPHCARE, INC. was and is under contract with the Clark County Detention Center ("CCDC"), a division of the Las Vegas Metropolitan Police Department ("LVMPD"), an independent agency of the State of Nevada.

8.     Upon information and belief, Defendant DIRECTOR OF NURSING ASHLEY KOMASCAR was and is an individual domiciled in the State of Nevada.

9.     Upon information and belief, Defendant LARRY WILLIAMSON M.D. was and is an individual domiciled in the State of Nevada.

10.     Defendants KOMASCAR and WILLIAMSON were employees of Defendant NAPHCARE INC. at all times relevant to this action.

## JURISDICTION AND VENUE

11.     Plaintiff brings this action against Defendants to redress the deprivation of rights, privileges and immunities secured to him by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution, the Civil Rights Act of 1871, and 42 U.S.C. §§ 1983.

12.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) as well as 42 U.S.C. § 1983.

13.     Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1391(b) to consider claims arising under state law for state Tort Claims.

14.     Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 11391 because one or more Defendants is a political subdivision of the State of Nevada in the District of Nevada, County of Clark, and the events giving rise to the claim occurred in this district, 28 U.S.C. § 1391(a)(1) and (b)(2).

15.     Plaintiff demands a jury trial of this case pursuant to Local Rule 38-1 and 28 U.S.C. Section 1411.

## GENERAL FACTUAL ALLEGATIONS

16.     Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

HATFIELD & ASSOCIATES, LTD
703 8th Street * Las Vegas, Nevada 89101
Telephone (702) 388-4469

17. Upon information and belief, and at all relevant times hereto, Defendant CCDC JAIL DIRECTOR CAPTAIN NITA SCHMIDT was acting under color of law, within the course and scope of her employment, and in her individual capacity as an employee of the Las Vegas Metropolitan Police Department, Detention Services Division ("LVMPD").

18. Upon information and belief, and at all relevant times hereto, Defendant CCDC CORRECTIONAL OFFICER HUGH HARDY, #6000, was acting under color of law, within the course and scope of his employment, and in his individual capacity as an employee of the Las Vegas Metropolitan Police Department, Detention Services Division ("LVMPD").

19. At all times relevant hereto and in all their actions described herein, Defendants CCDC JAIL DIRECTOR CAPTAIN NITA SCHMIDT and CCDC CORRECTIONAL OFFICER HUGH HARDY, #6000, acted under color of law, of a statute, ordinance, regulation custom, or usage, and acted pursuant to their respective authorities as police officers with Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT, Detention Services Division. Defendant OFFICERS were at all material times agents, servants, employees, partners, joint ventures, co-conspirators and/or alter egos of all other Defendants and were acting in the course and scope of the Las Vegas Metropolitan Police Department, Detention Services Division.

20. Upon information and belief, and at all relevant times hereto, Defendant NAPHCARE INC. is and was licensed to conduct business in the State of Nevada. Defendant NAPHCARE INC. was, at all times relevant hereto, under contract with Clark County Detention Center ("CCDC"), a division of the Las Vegas Metropolitan Police Department ("LVMPD"), an independent agency of the State of Nevada.

///

///

- 4 -

HATFIELD & ASSOCIATES, LTD
703 8th Street * Las Vegas, Nevada 89101
Telephone (702) 388-4469

21.     At all relevant times, Defendant LARRY WILLIAMSON M.D., is and was a doctor licensed to practice in the State of Nevada and employed by Defendant NAPHCARE INC. and was acting under color of law, within the course and scope of his employment, and in his individual capacity as an employee of Defendant NAPHCARE INC.

22.     At all relevant times, Defendant DIRECTOR OF NURSING, ASHLEY KOMASCAR, is and was a Registered Nurse licensed to practice in the State of Nevada employed by Defendant NAPHCARE and was acting under color of law, within the course and scope of her employment, and in her individual capacity as an employee of Defendant NAPHCARE INC.

## SPECIFIC FACTUAL ALLEGATIONS

23.     Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

24.     On or about July 26, 2016, Plaintiff was incarcerated as a pretrial detainee at Clark County Detention Center ("CCDC") in Las Vegas, Nevada.

25.     At the time of Plaintiff's incarceration at CCDC on July 26, 2016, Plaintiff had pre-existing medical conditions including a gunshot wound to the head on or about May 26, 2015, a bullet fragment remaining in his arm, and existing back and knee problems with pins and screws in his left knee and a floating patella ("loose body") in his right knee. Plaintiff's medical conditions required him to use knee brace(s) and a cane at home.

///

///

///

///

///

HATFIELD & ASSOCIATES, LTD.
703 8th Street * Las Vegas, Nevada 89101
Telephone (702) 388-4469

26.     When Plaintiff was incarcerated on July 26, 2016 at CCDC, non-party LVMPD arresting officers Medinah and Mearlby (#15652) requested assistance from Defendant CCDC CORRECTIONAL OFFICER HUGH HARDY to help lift and walk Plaintiff into the jail facility due to Plaintiff's pre-existing medical conditions.  HARDY agreed and, together with the arresting officers, escorted Plaintiff inside CCDC to a transfer-and-release-area bench to begin the booking process.

27.     Once inside CCDC and seated on the bench, Plaintiff began to undress as requested.  As Plaintiff slowly took off his shirt due to his existing medical conditions, Defendant HARDY positioned himself directly in front of Plaintiff's face and between Plaintiff's legs and began yelling at Plaintiff to hurry up.  Plaintiff then asked HARDY for assistance because of Plaintiff's pre-existing medical conditions and because Plaintiff could not rise to remove his pants to give to HARDY since HARDY stood between Plaintiff's legs.

28.     Defendant HARDY responded to Plaintiff's request for assistance by placing Plaintiff in a chokehold and forcefully using Plaintiff's neck and head to attempt to lift Plaintiff to his feet.  Plaintiff heard a large pop and felt instant pain in his spine, screamed in pain, and began crying.  After five to seven seconds, HARDY stopped his chokehold maneuver on Plaintiff, let Plaintiff go, and Plaintiff fell back to the booking-area bench.

29.     Plaintiff, after regaining composure, told Defendant HARDY that he did not deserve that kind of treatment.  HARDY responded by grabbing Plaintiff's wrist and bending it back while putting an arm around Plaintiff's neck again, preventing Plaintiff from breathing or hearing, and causing Plaintiff to lose consciousness for a few seconds.  Plaintiff then completed the booking process and was placed in a holding cell and denied medical attention for weeks.

///

///

HATFIELD & ASSOCIATES, LTD.
703 8th Street * Las Vegas, Nevada 89101
Telephone (702) 388-4469

30. On or about August 17, 2016, Plaintiff was finally seen by Defendant NAPHCARE, INC. employee Defendant LARRY WILLIAMSON M.D. for Plaintiff's injuries he sustained by Defendant HARDY on July 26, 2016 at CCDC booking and regarding Plaintiff's pre-existing injuries. Plaintiff informed Defendant WILLIAMSON M.D. of:

A) Extreme pain in Plaintiff's neck, spine and shoulder caused by Defendant HARDY;

B) A swollen wrist and left pinky finger caused by Defendant HARDY;

C) A bump on his head caused by Defendant HARDY;

D) Ongoing headaches likely caused by a previous gunshot wound to Plaintiff's head;

E) Back pain;

F) Bi-lateral knee pains including complaints of a "loose body" in Plaintiff's right knee causing Plaintiff's knee to lock up, buckle, causing Plaintiff to fall;

G) Plaintiff's need for pain medication;

H) Plaintiff's need for an immediate transfer to University Medical Center of Southern Nevada ("UMC") for medical attention; and

I) That Plaintiff wore knee braces before coming to jail and that he occasionally used a cane for support.

31. The same day, August 17, 2016, Defendant WILLIAMSON M.D. refused Plaintiff's request for a transfer to UMC for medical attention, did not look at Plaintiff's injuries, and ordered X-rays for the wrong body parts.

///

///

32.     Plaintiff, therefore, submitted written medical requests and grievances to Defendants requesting medical treatment for injuries Plaintiff sustained at CCDC booking by Defendant HARDY on July 26, 2016 and for being denied transfer to UMC. Defendant responded by scheduling Plaintiff for "Sick Call."

33.     At Sick Call, Plaintiff again complained to Defendant WILLIAMSON M.D. that:

A)      Plaintiff had fallen in his cell because of his knees;

B)      Plaintiff had difficulty walking;

C)      Plaintiff had difficulty sleeping;

D)      Plaintiff experienced ongoing headaches;

E)      Plaintiff experienced ongoing pain in his back, shoulder, wrist, pinky finger, and both knees;

F)      Plaintiff requested knee braces and knee sleeves; and

G)      Plaintiff requested to be transferred to UMC for immediate medical attention.

34.     In response, Defendant WILLIAMSON M.D. merely requested Plaintiff complete a Release of Information ("ROI") to Plaintiff's medical provider(s), told Plaintiff that his pinky finger looked swollen and that x-rays would be ordered, did not perform a full body exam or any range of motion tests on Plaintiff, and told Plaintiff that he should wait to be released from jail to take care of his injuries.

///

///

///

///

- 8 -

HATFIELD & ASSOCIATES, LTD
703 8th Street * Las Vegas, Nevada 89101
Telephone (702) 388-4469

35.     Plaintiff alleges that because Defendant WILLIAMSON M.D. and other employees of Defendant NAPHCARE INC. did not provide Plaintiff timely, adequate and reasonable medical care, Plaintiff continued to file medical requests and grievances to Defendants while Plaintiff was held as a pretrial detainee at CCDC from July 26, 2016 through on or about September 5, 2018 but that Defendants, and each of them, consistently failed to timely respond to Plaintiff's medical requests and grievances and failed to provide Plaintiff timely, adequate and reasonable medical care.

36.     Plaintiff alleges that because of Defendant HARDY'S use of excessive force on July 26, 2016 that resulted in injuries to Plaintiff that Defendants failed to treat, and that because of Defendants' consistent failure to timely and reasonably treat Plaintiff's pre-existing injuries, Plaintiff's medical conditions were exacerbated, made worse and caused Plaintiff to suffer permanent damages to his knees, neck, shoulder, back, spine, and pinky finger.

37.     Plaintiff further alleges that Defendants' failure to timely provide Plaintiff adequate medical treatment was due to violations of Defendant's policies at the Detention Service Division.    Plaintiff alleges that Defendants, therefore, violated Plaintiff's rights guaranteed and secured by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Violation of Constitutional Rights

38.     Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

///

///

- 9 -

39. The actions of Defendant CCDC CORRECTIONAL OFFICER HARDY constituted unreasonable and excessive use of force and deprivation of liberty without due process of law in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

40. Defendant HARDY was complicit in the constitutional violations of Plaintiff by violating the constitutional rights of Plaintiff by assaulting and injuring Plaintiff even though Plaintiff was not in any way resistant to Defendant HARDY'S authority and posed no threat to anyone when Defendant HARDY assaulted and injured Plaintiff on July 26, 2016 at CCDC booking.

41. Defendant HARDY'S actions were committed with actual malice toward Plaintiff and with willful and wanton disregard to and deliberate indifference for his constitutional and statutory rights by intentionally or negligently injuring him. Defendant HARDY recognized that Plaintiff posed no threat to anyone but had a racially prejudiced animus toward Plaintiff and attacked him without regard for his due care, and without regard for his pre-existing medical conditions.

42. The intentional or negligent use of unlawful force by Defendant HARDY upon Plaintiff, as authorized by Defendant LVMPD, violated the following rights of Plaintiff as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution:

    A. Freedom from the deprivation of life and liberty without due process of law from unreasonable force in violation of the Fourth Amendment.

43. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff endured pain and mental suffering, and he was deprived of his physical liberty.

///

///

- 10 -

HATFIELD & ASSOCIATES, LTD.
703 8th Street * Las Vegas, Nevada 89101
Telephone (702) 388-4469

44.     The unlawful assault and injury of Plaintiff when Plaintiff posed no threat to anyone and had not resisted Defendant HARDY'S authority was done with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the constitutional rights of Plaintiff.

45.     Plaintiff is entitled to compensatory and exemplary damages resulting from the violation of the aforementioned rights under 42 U.S.C. §§ 1983.

46.     Plaintiff has been forced to pursue this action in search for justice and to enforce the provisions of 42 U.S.C. § 1983 and is therefore entitled to be awarded reasonable attorney's fees pursuant to 41 U.S.C. § 1988.

47.     That as a direct result of the acts and omissions of Defendants, and each of them, Plaintiff was caused to suffer physical and mental injury, pain and suffering, and severe emotional distress and other related costs, medical and lost wages, including, but not limited to, attorney's fees, all in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

## SECOND CAUSE OF ACTION

### Monell Claim of Violation of Constitutional Rights

48.     Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

49.     Defendant LVMPD has failed to perform an adequate inquiry into the use of excessive force and injury of Plaintiff.

50.     Defendant LVMPD has failed to adequately train, direct, supervise or control Defendant OFFICERS to prevent violation of Plaintiff's constitutional rights.

///

///

///

HATFIELD & ASSOCIATES, LTD.
703 8ᵗʰ Street * Las Vegas, Nevada 89101
Telephone (702) 388-4469

51.     At all times relevant hereto, Defendant OFFICERS were acting within the course and scope of the employment and the inadequate training, supervision, direction, and/or control they received was the proximate cause behind Plaintiff's injuries and constitutional violations. Defendant LVMPD is therefore liable for the violation of Plaintiff's constitutional Fourth and Fourteenth rights by Defendant OFFICERS.

52.     Plaintiff is thus entitled to compensatory damages resulting from the violation of the aforementioned constitutional rights under 42 U.S.C. § 1983.

53.     Plaintiff has been forced to pursue this action in search for justice and to enforce the provisions of 42 U.S.C. § 1983 and is therefore entitled to be awarded reasonable attorney's fees pursuant to 41 U.S.C. § 1988.

54.     The unconstitutional actions and/or omissions of Defendant OFFICERS, as well as other officers employed by or acting on behalf of Defendant LVMPD, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the Defendant LVMPD which were directed, encouraged, allowed, and/or ratified by policy making officers of the Defendant LVMPD:

A.  Failing to use appropriate and generally accepted law enforcement procedures and refrain from inflicting excessive force upon incident of arrest of criminal suspects.

B.  Failing to use appropriate and generally accepted law enforcement procedures in handling persons experiencing medical emergencies and requests for medical assistance.

C.  Covering up of constitutional rights violations by:

- 12 -

HATFIELD & ASSOCIATES, LTD
703 8th Street * Las Vegas, Nevada 89101
Telephone (702) 388-4469

i. Failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, and unlawful seizures and arrests, and/or handling injured citizens;

ii. Ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity by refusing to conduct a full internal affairs complaint against Defendant OFFICERS;

iii. Allowing, tolerating and/or encouraging police officers to fail to file complete, true, honest and accurate police reports, where there are violations of constitutional rights and/or excessive force used incident to arrest.

D. Allowing, tolerating, and/or encouraging a "code of silence" among law enforcement officers and police personnel whereby an officer does not provide adverse information against a fellow officer or member of the Defendant LVMPD.

55. Defendant LVMPD failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate and discipline Defendant OFFICERS, with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above.

56. The constitutional rights violations were approved, tolerated, and/or ratified by policy-making officers of the Defendant LVMPD who are unknown to Plaintiff. Plaintiff is informed and believes, and thereupon alleges, the details of the facts of the arrest of Plaintiff have been revealed to the authorized policy makers within the Defendant LVMPD, and that such policy makers must have direct knowledge of the fact that the excessive force inflicted upon Plaintiff was not justified, but rather represented an unconstitutional display of unreasonable and excessive force. Despite this knowledge, the authorized policy makers within the Defendant LVMPD have approved of Defendant OFFICERS' actions and have made a deliberate choice to

initially endorse Defendant OFFICERS' wrongful conduct and excessive force. By doing so, the authorized policy makers within the Defendant LVMPD have shown affirmative agreement with the individual defendant officers' actions and have authorized the unconstitutional acts of the individual defendant officers.

57.     The aforementioned customs, policies, practices and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration or wrongful conduct of Defendant LVMPD were the moving force and/or proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 U.S.C. § 1983.

58.     Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their actions and/or omissions.

59.     That as a direct result of the acts and omissions of Defendants, and each of them, Plaintiff was caused to suffer physical and mental injury, pain and suffering, and severe emotional distress and other related costs, medical and lost wages, including, but not limited to, attorney's fees, all in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

### THIRD CAUSE OF ACTION

#### Deliberate Indifference

60.     Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

///

///

- 14 -

HATFIELD & ASSOCIATES, LTD
703 8th Street * Las Vegas, Nevada 89101
Telephone (702) 388-4469

61.     Plaintiff was denied and deprived of his right against cruel and unusual punishment as a pre-trial detainee under the 14th Amendment and Article 1 §8 of the Nevada Constitution by Defendants, and all of them, when they exhibited deliberate indifference to Plaintiff's known serious medical needs by (i) repeatedly denying him timely medical treatment even after Plaintiff regularly complained, and (ii) when finally treated, Plaintiff received inadequate care exacerbating Plaintiff's medical conditions and causing permanent damage to Plaintiff's knees, neck, back, shoulder, spine, and pinky finger.

62.     Defendants, and all of them, were well aware of Plaintiff's serious pre-existing medical conditions and were well aware of the injuries Plaintiff sustained at booking on July 26, 2016 by Defendant HARDY yet were deliberately indifferent and ignored Plaintiff's numerous medical kites and grievances.  Even after attending to some of Plaintiff's medical needs, jail officials denied Plaintiff's medical kites and grievances requesting knee braces and/or knee sleeves for additional knee support to help prevent Plaintiff from falling in his cell and further exacerbating his medical conditions.

63.     Defendants were well aware that these circumstances inhibited and/or delayed appropriate medical treatment for Plaintiff and that Defendants' delay to treat Plaintiff could potentially result in further significant harm to Plaintiff due to his untreated medical conditions.

## FOURTH CAUSE OF ACTION

### Negligence

64.     Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

///

///

///

65. Each of the Defendants, as well as other individuals, staff, and officers employed by or acting under the authority of Defendants LVMPD and NAPHCARE INC. had a statutory duty to provide medical treatment to Plaintiff for medical conditions that occurred while in custody pursuant to NRS 211.140.

66. At the time of the incidents detailed above, Plaintiff was of the class of persons that NRS 211.140 was intended to protect.

67. Each of the Defendants, as well as other individuals, staff, and officers employed by or acting under the authority of LVMPD and NAPHCARE INC., negligently breached that duty by refusing and/or failing to provide timely and appropriate medical care to Plaintiff causing injuries as set forth above, in violation of NRS 211.140.

68. The injuries and damages sustained by Plaintiff are of the type against which NRS 211.140 were intended to protect against.

## FIFTH CAUSE OF ACTION

### Negligence Per Se

69. Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

70. Each of the Defendants, as well as other individuals, staff, and officers employed by or acting under the authority of Defendants LVMPD and NAPHCARE INC. had a statutory duty to provide medical treatment to Plaintiff for injuries incurred while in custody pursuant to NRS 211.140.

71. At the time of the incidents detailed above, Plaintiff was of the class of persons that NRS 211.140 was intended to protect.

///

///

HATFIELD & ASSOCIATES, LTD.
703 8th Street * Las Vegas, Nevada 89101
Telephone (702) 388-4469

HATFIELD & ASSOCIATES, LTD.
703 8th Street * Las Vegas, Nevada 89101
Telephone (702) 388-4469

72.     Each of the Defendants, as well as other individuals, staff, and officers employed by or acting under the authority of Defendants LVMPD and NAPHCARE INC. negligently breached that duty by refusing and/or failing to provide timely and appropriate medical care to Plaintiff, causing injuries as set forth above, in violation of NRS 211.140.

73.     The injuries and damages sustained by Plaintiff are of the type against which NRS 211.140 were intended to protect against.

## SIXTH CAUSE OF ACTION

### Negligent Hiring, Training, Selection and Supervision

74.     Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

75.     Each of the Defendants, as well as other individuals, staff, and officers employed by or acting under the authority of Defendants LVMPD and NAPHCARE INC. had a mandatory duty to properly and completely regulate, train, test and supervise all officers and personnel under their control so as to avoid unreasonable risk of harm to citizens.

76.     Each of the Defendants, as well as other individuals, staff, and officers employed by or acting under the authority of Defendant LVMPD and NAPHCARE INC. negligently breached their duty of care to citizens in that they failed to adequately train and supervise their officers by having inadequate training, testing, reporting, and supervisory procedures regarding officers' treatment and behavior toward citizens.

77.     Defendants LVMPD and NAPHCARE INC. have a mandatory duty to properly and completely train, test and supervise all personnel under its control so as to ensure appropriate medical care is rendered and to avoid unreasonable risk of harm to citizens.

///

///

78.    Defendant LVMPD and NAPHCARE INC. negligently breached its duty of patient care in that they failed to adequately train and supervise its personnel by having inadequate training, testing, reporting, and supervisory procedures regarding the provision of adequate medical care to all inmates at CCDC.

## SEVENTH CAUSE OF ACTION

### Gross Negligence

79.    Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

80.    Each of the Defendants, as well as other individuals, staff, and officers employed by or acting under the authority of Defendants LVMPD and NAPHCARE INC. failed to exercise even a slight degree of diligence or care, demonstrating a substantially and appreciably higher magnitude of culpability and aggravation than ordinary negligence, when they regularly ignored Plaintiff's medical kites, grievances and requests for medical treatment.

81.    The acts of each of the Defendants constitute gross negligence, and as a direct and proximate result thereof, Plaintiff has suffered damages.

82.    Each of the Defendants, at the times referenced herein, acted with a conscious disregard for the safety and care of Plaintiff, and were aware of the consequences of their negligent and grossly negligent conduct that could result.

83.    Each of the Defendants willfully and deliberately failed to avoid these consequences, thereby entitling Plaintiff to an award of punitive damages against each named Defendant.

///

///

///

HATFIELD & ASSOCIATES, LTD
703 8th Street * Las Vegas, Nevada 89101
Telephone (702) 388-4469

## **REQUEST AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and damages against Defendants, joint and severally, as follows:

1.     An award to Plaintiff for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses within this Court's jurisdiction subject to proof;

2.     An award to Plaintiff for general damages, including but not limited to emotional distress damages, within this Court's jurisdiction subject to proof;

3.     An award to Plaintiff for exemplary and/or punitive damages;

4.     An award to Plaintiff for reasonable attorney's fees and costs, including but not limited to expert witness fees, and as provided under state law;

5.     An award to Plaintiff for interest on any awards at the highest rate allowed by law; and

6.     Such other and further relief as this Court deems just and appropriate.

Dated this 14th day of January, 2020.          **HATFIELD & ASSOCIATES, LTD.**

By:   */s/ Trevor J. Hatfield*
Trevor J. Hatfield, Esq. (SBN 7373)
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
          *Attorney for Plaintiff*

HATFIELD & ASSOCIATES, LTD.
703 8th Street * Las Vegas, Nevada 89101
Telephone (702) 388-4469

HATFIELD & ASSOCIATES, LTD.
703 8th Street * Las Vegas, Nevada 89101
Telephone (702) 388-4469

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 14th day of January 2020, I electronically filed and served the foregoing Plaintiff's **FIRST AMENDED COMPLAINT** with the Clerk of the Court by using the ECF system.

Dated this 14th day of January 2020.

By: _/s/ Freda P. Brazier_
An employee of Hatfield & Associates, Ltd.